IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Devon Ford, | ) | Case No. 8:12-cv-02266-GRA-JDA |
| a/k/a Deven Ford or Devin Ford, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Michael McCall, | ) | |
| Warden, Lee Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Respondent's motion for summary judgment [Doc. 15] and Petitioner's motion to expand the record [Doc. 20]. Petitioner, who is proceeding with the assistance of counsel, is a state prisoner who seeks relief under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on August 9, 2012. [Doc. 1.] On November 8, 2012, Respondent filed a motion for summary judgment and a return and memorandum. [Docs. 14, 15.] On February 1, 2013, Petitioner filed a response in opposition to Respondent's motion [Doc. 21] and a motion to expand the record [Doc. 20]. On February 11, 2013, Respondent filed a reply to Petitioner's response in opposition. [Doc. 25.] On February 19, 2013, Respondent filed a response in opposition to Petitioner's motion to expand the record [Doc. 26], and Petitioner filed a reply to Respondent's response on March 1, 2013 [Doc. 28]. Accordingly, the motions are ripe for review.

## BACKGROUND

Petitioner is presently confined at the Lee Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment of the Spartanburg County Clerk of Court. [Doc. 1 at 1.] In August 2005, Petitioner was indicted for murder and assault and battery with intent to kill ("ABWIK"). [App. 157–60.[1]] On December 5, 2005, represented by Michael Bartosh ("Bartosh"), Petitioner pled guilty to the charges pursuant to *North Carolina v. Alford*.[2] [App. 1–25.] Petitioner was sentenced to 37 years imprisonment for the murder charge and twenty years for the ABWIK charge, to run concurrently. [App. 25.]

**Direct Appeal**

Petitioner timely filed a notice of appeal. [Doc. 14-2.] On August 8, 2006, Robert M. Dudek of the South Carolina Commission on Indigent Defense filed an *Anders* brief[3] on Petitioner's behalf, as well as a petition to be relieved as counsel. [Doc. 14-3.] The brief raised the following claim:

> Whether appellant's guilty plea pursuant to <u>North Carolina v. Alford</u>, 400 U.S. 25, 91 S.Ct. 160 (1970), should be vacated because it did not comply with the mandates of <u>Boykin v. Alabama</u>, 395 U.S. 238, 89 S. Ct. 1709 (1969)?

[*Id.* at 4.] Petitioner was informed of his right to file a pro se brief [Doc. 14-5], and he subsequently filed a pro se brief addressing the same issue [Doc. 14-6]. On September

---

[1]The Appendix can be found at Docket Entry Number 14-1.

[2]In *North Carolina v. Alford*, 400 U.S. 25, 37–38 (1970), the United States Supreme Court explained that a criminal defendant may simultaneously plead guilty and contest his innocence—that is, enter into a plea agreement without admitting guilt.

[3]A brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), effectively concedes the appeal lacks a meritorious claim.

2

17, 2007, the South Carolina Court of Appeals issued a per curiam opinion dismissing Petitioner's appeal and granting his appellate counsel's motion to be relieved. [App. 27–28.] Remittitur was issued on October 3, 2007. [Doc. 14-7.]

**PCR Proceedings**

Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR") on January 24, 2008. [App. 29–41.] On July 30, 2008, Petitioner, proceeding with the assistance of counsel, David C. Alford ("Alford"), filed an amended application. [Doc. 14-8; *see also* App. 42–63 (duplicate amended application submitted as second amended application).] Petitioner raised the following grounds for relief, quoted substantially verbatim:

> Issue (A) Was counsel ineffective for failing to object to the sentence that was handed down by the court that was contrary to legislative intent?
>
> Issue (B) Was counsel ineffective for failing to explain to Petitioner the consequences of his plea, thus violating the mandates of Boykin-v-Alabama?
>
> Issue (C) Was counsel ineffective for failing to object when the plea court failed to advise Petitioner of the full consequences of his plea?
>
> Issue (D) Was Petitioner denied his Sixth Amendment right to counsel and his Fourteenth Amendment right to due process of law when counsel and the plea court failed to apprise Petitioner of the mandates of S.C. Code Ann. §24-21-560(D), which results in double sentencing and thus rendering Petitioner's plea and sentence unconstitutional?

[Doc. 14-8 at 6, 11 (emphasis omitted).]

A hearing was held on the PCR application on September 18, 2008, where Petitioner was represented by Alford. [App. 69–130.] Testimony was received from

3

Petitioner; Avery Waddell, Petitioner's mother; and Clay Allen, an attorney from plea counsel's office who testified because plea counsel had passed away between the time of the plea and the PCR hearing. [*Id.*] On December 15, 2009, the PCR court filed an order denying and dismissing the application with prejudice. [Doc. 14-9.] Subsequently, Petitioner filed a pro se motion to alter or amend the judgment pursuant to South Carolina Rules of Civil Procedure 59(e) and 52(b). [Doc. 14-10.] The PCR court filed an amended order denying and dismissing Petitioner's application on March 22, 2010. [App. 131–140.] In pertinent part, the PCR court's order addressed the following ineffective assistance claim, which Petitioner raised at the hearing on his application:

> The Applicant also claimed his attorney neglected to properly investigate ballistic evidence. The Applicant claimed ballistics revealed his gun did not match the shooter. Counsel's file reveals funds obtained for an expert, though this Court is unable to ascertain what steps were taken in the ballistics investigation. The Applicant failed to show prejudice, however, where he failed to demonstrate further ballistic evidence would have benefit[t]ed his case. The Applicant failed to meet his burden and this Court denies and dismisses this claim.

[App. 138; *see also* Doc. 14-9 at 8 (addressing same claim in original order of dismissal).]

A notice of appeal was timely filed and served.[4] [Doc. 14-12.] On June 21, 2010, Elizabeth A. Franklin-Best of the South Carolina Commission on Indigent Defense filed a petition for writ of certiorari on Petitioner's behalf in the South Carolina Supreme Court, seeking review of the PCR court's decision and raising the following issue:

> Did trial counsel render ineffective assistance of counsel when he did not secure the results of a ballistics test prior to

---

[4]Alford promptly filed the notice of appeal after the PCR court issued its original decision [Doc. 14-12 (dated December 18, 2009)]; therefore, the notice of appeal was filed prior to Petitioner's pro se motion to alter or amend the PCR court's decision [Doc. 14-10 (dated January 4, 2010)].

> petitioner's plea which would have revealed that the state's
> version of events was inaccurate?

[Doc. 14-13 at 3.]  On November 30, 2011, the South Carolina Supreme Court denied the

petition for writ of certiorari.  [Doc. 14-15.]  Remittitur was issued on December 19, 2011.

[Doc. 14-16.]

**Petition for Writ of Habeas Corpus**

As stated, Petitioner filed this Petition for writ of habeas corpus on August 9, 2012

pursuant to 28 U.S.C. § 2254.  [Doc. 1.]  Petitioner asserts the following grounds for relief,

quoted substantially verbatim:

| | |
|---|---|
| **Ground One**: | The Petitioner's right to the effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments, was violated when defense counsel failed [to] advise the Petitioner of the existence of an exculpatory ballistics test prior to the entry of the Petitioner's plea. |
| *Supporting Facts:* | The Petitioner was charged with murder and ABWIK in connection with the shooting of Ikethia Davis and Jonathan Martin, respectively.  The Petitioner informed the police and his attorneys that he did not shoot Davis and that Martin shot her.  See Attachments 4-6.  The Petitioner also informed police where his gun was located so that they could test it against the bullet that was found in Davis.  See Attachment 7.  Martin stated that he did not fire any shots.  See Attachment 8.  SLED tested the Petitioner's firearm and discovered that the Petitioner's firearm did not match any of the bullets or shell casings found at [the] scene or that were recovered from Davis' body.  See Attachment 10.  This report was provided to the State on November 22, 2005, approximately two weeks prior to the Petitioner's plea.  See Attachment 10.  Defense counsel did not advise the Petitioner of the results of this test prior to the plea.  The Petitioner obtained the report directly from SLED while his direct appeal was pending.  Had the Petitioner known about the test results, the Petitioner would not have pleaded guilty.  Defense |

counsel was ineffective for failing to advise the Petitioner of the test results.

**Ground Two**:    The Petitioner's right to due process of law, as guaranteed by the Fifth and Fourteenth Amendments, was violated by the State's failure to disclose the ballistics report prior to the Petitioner's guilty plea.

*Supporting Facts:*    The Petitioner incorporates by reference the supporting facts presented in Ground One. The ballistics report was not found in defense counsel's file during the PCR hearing. The Seventh Circuit Solicitor's Office's file in this matter contains no guarantee that the ballistics report was provided to defense counsel prior to the Petitioner's plea. See Attachment 9. Inasmuch as the ballistics report is clearly exculpatory, the State's failure to disclose the ballistics report prior to trial violated the Petitioner's due process rights pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, and rendered his plea involuntary. The Petitioner's current counsel has been engaging in discussions with the assistant solicitor who prosecuted the Petitioner's charges to determine if he can definitively remember providing defense counsel with the report; the Petitioner will provide any subsequent information that he receives to this Court regarding this matter.

[Doc. 1.]

As stated, Respondent filed a motion for summary judgment on November 8, 2012.

[Doc. 15.] On February 1, 2013, Petitioner filed a response in opposition to the motion, in

which he withdrew Ground Two and elected to proceed solely on Ground One. [Doc. 20.]

Respondent filed a reply on February 11, 2013. [Doc. 25.]

Also on February 1, 2013, Petitioner filed a motion to expand the record. [Doc. 20.]

Pursuant to Rules 7 and 8 of the Rules Governing Section 2254 Cases, Petitioner seeks

to introduce evidence that was not before the state courts, including statements Petitioner

made to the police; a statement the ABWIK victim, Jonathan Martin, made to police; and

6

the affidavit of Robert Coler, the assistant solicitor who prosecuted Petitioner's case.  [*Id.*; *see* Docs. 1-4 through 1-8, 20-1 (evidence Petitioner seeks to introduce).]  On February 19, 2013, Respondent filed a response in opposition to Petitioner's motion to expand the record [Doc. 26], and Petitioner subsequently filed a reply [Doc. 28].

## APPLICABLE LAW

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  *Id.* at 324.  Rather, the non-moving party must

demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

**_Generally_**

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. _Lindh v. Murphy_, 521 U.S. 320 (1997); _Breard v. Pruett_, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." _Williams v. Taylor_, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." _Harrington v. Richter_, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

9

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254.  This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim.  *Id.*  The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts.  A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### *Exhaustion*

Section 2254 contains the requirement of exhausting state court remedies and provides as follows:

> (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)    (i) there is an absence of available State corrective process; or
>>
>>       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the

applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state court with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court. *Marlar v. State*, 653

11

S.E.2d 266 (S.C. 2007).[5]  Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts.  For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment.  S.C. App. Ct. R. 203(b)(2), (d)(1)(B).  A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45(A).

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).  Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the highest South Carolina court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the court actually reached the merits of the claim.[6]

---

[5]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar.  589 F.3d at 162–65.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

[6]In *State v. McKennedy*, the South Carolina Supreme Court reiterated that a petition for discretionary review to the South Carolina Supreme Court in criminal and post-conviction cases is outside South Carolina's standard review process, and therefore, "petitions for rehearing and certiorari following an adverse Court of Appeals' decision are not required in order to exhaust all available state remedies."  559 S.E.2d 850, 854 (S.C. 2002) (citing *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990)).

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3) & 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and

> while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Sykes*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure or where a "fundamental miscarriage of justice" has occurred. *Coleman*, 501 U.S. at 750; *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

As an alternative to demonstrating cause for failing to raise the claim, the petitioner may show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show he is actually innocent. *See Carrier*, 477 U.S. at 496 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*,

523 U.S. 614, 623 (1998). To demonstrate this actual innocence standard, the petitioner's case must be truly extraordinary. *Carrier*, 477 U.S. at 496.

## DISCUSSION

As stated, Petitioner has withdrawn Ground Two. [Doc. 21 at 3.] In Ground One, Petitioner alleges he was deprived of effective assistance of counsel because his defense counsel failed to advise Petitioner of an exculpatory ballistics test before Petitioner entered his *Alford* plea. [Doc. 1 at 5.] Petitioner asserts two different theories for relief under Ground One: "(1) that defense counsel was ineffective for failing to obtain the [ballistics] report prior to the plea; and (2) that defense counsel had the report and failed to advise the Petitioner about its contents prior to the plea." [Doc. 21 at 4–5.] The Court regards Petitioner's "theories" as raising two grounds for relief and refers to these grounds for relief as Ground One (1) and Ground One (2), respectively.[7] Petitioner contends he is entitled to relief based on the record before the state court, but alternatively, Petitioner argues the Court should grant Petitioner's motion to expand the record and conclude he is entitled to relief based on the expanded record. [*Id.* at 5.] Thus, the Court first considers whether Petitioner is entitled to relief based on the record before the state court.

---

[7]At the time the Petition was filed, Petitioner was unsure whether defense counsel had the ballistics report prior to the plea, but Petitioner subsequently obtained the affidavit of Robert Coler ("Coler"), who prosecuted Petitioner. [Doc. 1 at 7; Doc. 20-1.] Coler averred that, while he had no independent recollection of providing defense counsel a copy of the ballistics report, Coler was "of the opinion that defense counsel was made aware of the existence of the SLED ballistics report" because Coler's opening statement notes for Petitioner's trial, which have been maintained in the Solicitor's Office's file, refer to the State's theory regarding the ballistics results. [Doc. 20-1 ¶ 6.] Coler also noted that his witness list included a SLED ballistics and tool mark expert, who had been faxed a subpoena to appear in court for Petitioner's trial, and Coler's trial notebook contained prepared questions for this expert. [*Id.*] Coler concluded, "It was clearly my intent to deal with the ballistics report during trial and I would have no reason to do so if Petitioner's counsel was not made aware of its existence prior to trial." [*Id.*] Accordingly, it appears Ground One (1) is moot. However, in an abundance of caution and because no ruling has been made yet as to the admissibility of the additional evidence, the Court addresses both Ground One (1) and (2).

**Ground One (1)**

Under the AEDPA, a federal court may not grant habeas relief unless the underlying state court decision was contrary to or an unreasonable application of federal law, as determined by the United States Supreme Court, 28 U.S.C. § 2254(d)(1), or based on an unreasonable determination of the facts before the court, *id.* § 2254(d)(2). The Supreme Court has held the "contrary to" and "unreasonable application of" clauses present two different avenues for relief. *Williams*, 529 U.S. at 405 ("The Court of Appeals for the Fourth Circuit properly accorded both the 'contrary to' and 'unreasonable application' clauses independent meaning."). The Court stated there are two instances when a state court decision will be contrary to Supreme Court precedent:

> A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . . A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

*Id.* at 405–06. On the other hand, a state court decision is an unreasonable application of Supreme Court precedent when the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407–08; *see also Richter*, 131 S. Ct. at 786 ("Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court. . . . It bears repeating that even a strong case for relief does not mean the state

court's contrary conclusion was unreasonable."). Finally, a decision cannot be contrary to or an unreasonable application of Supreme Court precedent unless applicable Supreme Court precedent exists; without applicable Supreme Court precedent, there is no habeas relief for petitioners. *Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (citing *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir.2006); *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir.2006)); *see Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008).

When evaluating a habeas petition based on a claim of ineffective assistance of counsel, assuming the state court applied the correct legal standard—the Supreme Court's holdings in *Strickland*—"[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard."[8] *Richter*, 131 S. Ct. at 785. "A

---

[8]In *Strickland v. Washington*, the United States Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. 466 U.S. 668, 687 (1984). To satisfy the first prong, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy the second prong, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 692. The Court cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

In the specific context of a guilty plea, to satisfy the prejudice prong of *Strickland*, a prisoner must show that "there is a reasonable probability that, but for counsel's errors, [the prisoner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The Supreme Court further explained,

In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. . . . As we explained in *Strickland v. Washington*, *supra*, these predictions of the outcome at a possible trial,

state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.*; *see also Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (stating judicial review of counsel's performance is "doubly deferential when it is conducted through the lens of federal habeas"). Even if a state court decision questionably constitutes an unreasonable application of federal law, the "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 131 S. Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, in such situations, the habeas court must determine whether it is possible for fairminded jurists to disagree that the arguments or theories supporting the state court's decision are inconsistent with Supreme Court precedent. *Id.*

In Ground One (1), Petitioner argues he received ineffective assistance of defense counsel because defense counsel, Bartosh, failed to advise Petitioner of an exculpatory ballistics test before Petitioner entered his *Alford* plea. [Doc. 1 at 5; Doc. 21 at 4.] The PCR court held an evidentiary hearing and outlined a factual basis for declining to find Bartosh's representation fell below the *Strickland*, *Hill v. Lockhart*, 474 U.S. 52 (1985) (stating standard for ineffective assistance of plea counsel), and applicable state law standards. [App. 69–130 (evidentiary hearing), App. 137–39 (PCR court's findings of fact and conclusions of law in amended order of dismissal).] The PCR court made the following findings:

---

where necessary, should be made objectively, without regard for the "idiosyncrasies of the particular decisionmaker." *Id.*, 466 U.S., at 695, 104 S.Ct., at 2068.

*Hill*, 474 U.S. at 59–60.

The Court has reviewed the testimony presented at the evidentiary hearing, observed the witnesses presented at the hearing, passed upon their credibility, and weighed the testimony accordingly.  Further, this Court reviewed the Clerk of Court records regarding the conviction, the Applicant's records from the South Carolina Department of Corrections, the application for post-conviction relief, the transcripts and documents from the prior proceedings, and legal arguments of counsel.  Pursuant to S.C. Code Ann. § 17-27-80 (1985), this Court makes the following findings of fact based upon all of the probative evidence presented.

. . . .

The Applicant . . . claimed his attorney failed to meet with him or do anything on his behalf.  This Court finds the Applicant lacks credibility.  It is clear from the Applicant's PCR testimony he was well aware of the State's evidence against him at the time of his plea and pled due to the strength of the State's case.  This knowledge indicates counsel reviewed discovery with the Applicant, contrary to the Applicant's claims.  This Court finds the Applicant failed to prove counsel was ineffective and denies and dismisses these claims.

The Applicant also claimed his attorney neglected to properly investigate ballistic evidence.  The Applicant claimed ballistics revealed his gun did not match the shooter.  Counsel's file reveals funds obtained for an expert, though this Court is unable to ascertain what steps were taken in the ballistics investigation.  The Applicant failed to show prejudice, however, where he failed to demonstrate further ballistic evidence would have benefit[t]ed his case.  The Applicant failed to meet his burden and this Court denies and dismisses this claim.

. . . .

While this Court did not have the benefit of counsel's testimony in light of counsel's untimely death, this Court does have the benefit of the plea transcript.  This Court finds that Applicant has failed to carry his burden of proving that his guilty plea was not freely and voluntarily entered.   The overwhelming evidence in the record and presented through the testimony of the witnesses at the hearing reflects that the plea was knowingly and voluntarily entered.  The Applicant

20

showed no reason why he should be allowed to depart from the truth of the statements he made during his guilty plea hearing. This Court finds the Applicant's testimony at the PCR hearing lacked credibility. Therefore, this Court finds that Applicant's <u>Alford</u> plea was freely and voluntarily entered and denies and dismisses any allegations to the contrary.

. . . .

Therefore, this Court finds that the Applicant failed to carry his burden to show counsel's representation fell below the standard of professional reasonableness for a criminal defense attorney in this regard. The Court finds that the Applicant cannot satisfy either requirement of the <u>Strickland</u> test.

[App. 137–39 (citations omitted).]

Upon review, the Court determines the PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* and *Hill* standards, which are the applicable Supreme Court precedents. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent. Thus, the Court concludes the PCR court's decision was not contrary to applicable Supreme Court precedent.

Further, the record supports the PCR court's decision, which demonstrates the PCR court's decision was not an unreasonable application of *Strickland* or *Hill.* For example, at Petitioner's plea hearing, the judge repeatedly stated that, by entering an *Alford* plea, Petitioner was affirming that if he went to trial, he believed the State could prove his guilt beyond a reasonable doubt. [App. 5, 6, 7, 8, 16, 23, 24.] Petitioner indicated several times that he believed the State could prove his guilt beyond a reasonable doubt [App. 7, 8, 16,

21

22, 23, 25], and Bartosh also agreed the State could prove Petitioner's guilt beyond a reasonable doubt [App. 5, 6; *see also* App. 20 ("I think there's a, an excellent chance [Petitioner] would be convicted.")]. Further, in summarizing the facts of the case, the prosecution never mentioned that ballistics evidence would be an issue in the case; the prosecution stated that everyone at the scene of the crime aside from Petitioner had identified Petitioner as the shooter. [App. 17–18.] Bartosh indicated Petitioner could not overcome the dying declaration of the murder victim that Petitioner was the shooter. [App. 20.] Finally, although Petitioner testified at the PCR hearing that he would have proceeded to trial if Bartosh had advised him of the ballistics report [*see, e.g.*, App. 99–100], the PCR court determined Petitioner was not credible [App. 139].[9]  Therefore, the PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent, and Petitioner is not entitled to habeas corpus relief based on Ground One (1). Accordingly, Respondent's motion for summary judgment should be granted as to Ground One (1).

---

[9]Petitioner argues the PCR court misapplied *Hill* by failing to determine whether Petitioner would have proceeded to trial rather than whether the ballistics report would have been beneficial to his case. [Doc. 21 at 9–10; *see Hill*, 474 U.S. at 59 (holding that, to establish prejudice under *Strickland* in a guilty plea case, the prisoner must show "there is a reasonable probability that, but for counsel's errors, [the prisoner] would not have pleaded guilty and would have insisted on going to trial").] However, as stated, Petitioner testified at the PCR hearing that he would have proceeded to trial if he had known the results of the ballistics testing, but the PCR court determined Petitioner was not credible. [App. 99–100, 139.] Accordingly, while the PCR court's decision does not explicitly hold that the court rejected Petitioner's contention that he would have proceeded to trial if he had known about the ballistics report, because the only evidence establishing Petitioner would have proceeded to trial was his own testimony and the PCR court determined Petitioner was not credible, the PCR court's decision indicates the PCR court properly applied *Hill.*

**Ground One (2)**[10]

Respondent contends Ground One (2) is procedurally defaulted because Petitioner failed to raise that claim to the state courts.  [Doc. 25 at 1–2.]  Petitioner agrees Ground One (2) is procedurally defaulted [Doc. 21 at 18] but argues he can overcome the default pursuant to the recent decision of the United States Supreme Court in *Martinez v. Ryan*, --- U.S. ---, 132 S. Ct. 1309 (2012) [*id.* at 17–25].[11]

In *Martinez*, the Supreme Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 132 S. Ct. at 1315.  The Court elaborated,

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances.  The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial.  The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.

---

[10]As discussed, Petitioner apparently has raised Ground One (2) because of the prosecutor's affidavit, which Petitioner has moved to admit as additional evidence.  For the following discussion of Ground One (2), the Court assumes, without deciding, Petitioner's additional evidence purportedly establishing Bartosh had the ballistics report prior to Petitioner's plea should be included in the record before the Court.

[11]Procedural default is an affirmative defense that is waived if not raised by respondents. *Gray v. Netherland*, 518 U.S. 152,165–66 (1996).  If the defense is raised, it is the petitioner's burden to raise cause and prejudice or actual innocence; if not raised by the petitioner, the court need not consider the defaulted claim. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995).  Here, Ground One (2) is procedurally defaulted because Petitioner failed to raise that claim to the state courts and would be procedurally barred from returning to state court to fairly present that claim. *See Coleman*, 501 U.S. at 731–32; *Teague*, 489 U.S. at 297–98; *Matthews*, 105 F.3d at 915 (citations omitted); *see also Plyler v. State*, 424 S.E.2d 477, 478 (S.C. 1992) (holding that an issue that was neither raised at the PCR hearing nor ruled upon by the PCR court was procedurally barred from review on certiorari to the South Carolina Supreme Court (citing *Hyman v. State*, 299 S.E.2d 330 (S.C. 1983))).  Thus, Ground One (2) is barred from review by this Court unless Petitioner has demonstrated cause for the procedural default and actual prejudice resulting from the alleged constitutional violation or that a fundamental miscarriage of justice has occurred. *See Coleman*, 501 U.S. at 750; *Carrier*, 477 U.S. at 496; *Smith*, 477 U.S. at 533.

> Ed. 2d 674 (1984). To overcome the default, a prisoner must
> also demonstrate that the underlying ineffective-assistance-
> of-trial-counsel claim is a substantial one, which is to say that
> the prisoner must demonstrate that the claim has some merit.

*Id.* at 1318. Accordingly, Petitioner may establish cause for the default of Ground One (2)

if he demonstrates his PCR counsel was ineffective and that the underlying ineffective

assistance of trial counsel claim is a substantial one, i.e., it has some merit.

Here, Petitioner contends his PCR counsel was ineffective for failing to properly

present evidence in support of Ground One (2) to the PCR court. [Doc. 21 at 21.]

Petitioner argues his PCR claim would have been much stronger if PCR counsel had

presented a failure to advise argument—i.e., Bartosh had the ballistics report prior to the

plea but failed to advise Petitioner of the report—rather than a failure to investigate

argument—i.e., Bartosh failed to procure the report prior to the plea. [*Id.* at 17.] Further,

Petitioner contends the additional evidence PCR counsel should have presented

establishes that defense counsel provided ineffective assistance. [*Id.* at 21–25.]

Respondent argues Petitioner has failed to demonstrate his PCR counsel rendered

ineffective assistance. [Doc. 25 at 3.]

With respect to the performance of Alford, Petitioner's PCR counsel, Alford argued

Bartosh was ineffective because Bartosh "did not have the ballistics match even or the

ballistics test results available to him." [App. 126.] As stated, Bartosh was deceased by

the time a hearing was held on Petitioner's PCR application. [App. 72, 113.] However,

Allen, a member of Bartosh's office, testified at the hearing about what was in Bartosh's

file, that Bartosh "was well known to keep a lot of things in his head," and that Bartosh "was

. . . known not to keep everything he had worked on on a case collected in a file." [App.

113–20.]  Allen testified he did not see "any ballistics information or any SLED reports" in Bartosh's file.  [App. 115.]  Thus, Alford argued to the PCR court that Bartosh was ineffective for failing to properly investigate ballistics evidence.  [*See* App. 138 (PCR court's characterization of Petitioner's arguments); Doc. 14-13 (arguing in petition for writ of certiorari that Bartosh provided ineffective assistance for failing to secure ballistics test results prior to Petitioner's plea).]

As stated, the Supreme Court established in *Strickland* that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation—that is, "counsel's representation fell below an objective standard of reasonableness"—and (2) the prisoner was prejudiced as a result.   466 U.S. at 687–88.   Petitioner has failed to demonstrate—or even argue—Alford's representation fell below an objective standard of reasonableness.[12]  While Petitioner points out that other information was readily available to submit to the PCR court that may have bolstered his position [Doc. 21 at 17, 21; *see* Doc. 28 at 3], Petitioner has offered no explanation as to why it was objectively unreasonable for Alford to fail to present this evidence to the PCR court, *see Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects

---

[12]Petitioner's argument as to Alford's ineffective assistance focuses on the prejudice prong of the *Strickland* analysis.  [*See* Doc. 21 at 21 ("[C]ollateral counsel's ineffectiveness will be shown by how important the information contained in these documents was to the PCR allegations.").]   However, both prongs—deficient representation and prejudice—must be satisfied in a successful ineffective assistance claim.  *See, e.g.*, *Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . even to address both components of the inquiry if the defendant makes an insufficient showing on one."), 700 ("Failure to make the required showing of *either* deficient performance or sufficient prejudice defeats the ineffectiveness claim." (emphasis added)).  The Court also notes Petitioner's arguments regarding procedural default and overcoming a procedural default focus more on the admissibility of the additional evidence Petitioner seeks to have this Court consider rather than whether Petitioner can overcome the procedural default of Ground One (2) by showing his collateral counsel was ineffective.  [*See* Doc. 21 at 15–21.]

of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'  There are countless ways to provide effective assistance in any given case.  Even the best criminal defense attorneys would not defend a particular client in the same way.").  Therefore, Petitioner has failed to establish that, under *Strickland*, Alford provided ineffective assistance, and thus, Petitioner has failed to overcome the procedural default of Ground One (2).  *See Martinez*, 132 S. Ct. at 1318 ("[A] prisoner may establish cause for a default of an ineffective-assistance claim . . . where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland*.").  Accordingly, Respondent's motion for summary judgment should be granted as to Ground One (2).

**Motion to Expand the Record**

Petitioner contends he is entitled to habeas relief on the basis of the record before the state court, but "if this Court finds that summary judgment is appropriate based on the record, then this Court should consider his arguments, pursuant to <u>Martinez</u>, that collateral counsel was ineffective for failing to present additional evidence to the PCR court in support of the Petitioner's arguments, and grant habeas relief."  [Doc. 21 at 15.]  Petitioner has moved to expand the record pursuant to Rules 7 and 8 of the Rules Governing Section 2254 Cases to include the additional evidence Petitioner contends PCR counsel should

26

have presented to the PCR court.  [Doc. 20; *see* Doc. 21 at 15.]  Petitioner argues there

are two independent bases for the Court to expand the record:

> First, the Petitioner contends that 28 U.S.C. §2254(e)(2)[13] is
> inapplicable to Martinez[ v. Ryan, --- U.S. ---, 132 S. Ct. 1309
> (2012)] claims.  Since Martinez operates to lift a procedural
> bar, the Petitioner believes that analysis under Martinez should
> be similar to providing evidence of actual innocence to lift a
> procedural bar, which should not be subject to §2254(e)(2)'s
> requirements.  Martinez permits a court to examine collateral
> counsel's ineffectiveness, but it will be almost impossible to
> determine whether or not collateral counsel was ineffective for
> failing to present a claim of ineffective assistance of defense
> counsel without also holding a hearing on defense counsel's
> ineffectiveness.  It would lead to an another absurd result to
> allow a court to examine collateral counsel's effectiveness
> without regard to §2254(e)(2) but to be prohibited from
> examining the underlying claim unless §2254(e)(2)'s
> exceptions applied.  Therefore, under Martinez's holding, an
> evidentiary hearing as to collateral counsel's effectiveness and
> defense counsel's effectiveness is required.
>
> Second, given the Supreme Court's reasoning in
> Martinez, the Petitioner submits that §2254(e)(2)'s prohibition
> against holding evidentiary hearings where habeas petitioners
> "failed to develop the factual basis of a claim in state court"
> should not be applied where collateral counsel was the reason
> for that failure.  The Petitioner recognizes that a similar
> argument was presented to the Supreme Court in Holland v.

---

[13]Section 2254(e)(2) reads as follows:

If the applicant has failed to develop the factual basis of a claim in State
court proceedings, the court shall not hold an evidentiary hearing on the
claim unless the applicant shows that—

(A) the claim relies on—
(i) a new rule of constitutional law, made retroactive to
cases on collateral review by the Supreme Court, that was
previously unavailable; or
(ii) a factual predicate that could not have been previously
discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by
clear and convincing evidence that but for constitutional error, no
reasonable factfinder would have found the applicant guilty of the
underlying offense.

Jackson, 542 U.S. 649 (2004), and that it was rejected. The Petitioner believes that Martinez has abrogated Holland . . . . If the reading of §2254(e)(2) given by Holland survives Martinez, then Martinez crafts a right without a remedy. After all, even if a claim is not presented by collateral counsel, it is still subject to §2254(e)(2)'s stringent requirements before an evidentiary hearing would be granted. However, if no evidence can be heard for a claim that has never been presented, then it will be almost impossible for a habeas petitioner to ever utilize Martinez to obtain federal habeas relief. This cannot have been the Supreme Court's intent in Martinez. The most reasonable way to reconcile Martinez and §2254(e)(2) is to extend Martinez to cases where collateral counsel is at fault in presenting a claim—either partially or *in toto*—in state court. Accordingly, the Petitioner believes that this Court can extend Martinez to §2254(e)(2) and hold an evidentiary hearing if collateral counsel was ineffective in failing to properly present evidence in support of the Petitioner's habeas claim at his Post-Conviction Relief hearing.

[Doc. 21 at 19–21 (footnote added) (citations omitted).] Respondent disagrees, contending *Martinez* does not provide authority for Petitioner (1) "'to expand the record in order to further develop facts that could have been presented in the state court proceeding'" or (2) to argue his PCR counsel's failure to develop the record constitutes cause for the procedural default of Ground One (2). [Doc. 26 at 3 (quoting *Fielder v. Stevenson*, 2:12-CV-00412-JMC, 2013 WL 593657, at *6 (D.S.C. Feb. 14, 2013)).] Respondent also argues Petitioner cannot meet the requirements of § 2254(e)(2) or show that he was not at fault for failing to develop the record in the state court proceeding. [*Id.* at 4–5.]

Rule 7 of the Rules Governing Section 2254 Cases provides, "If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition," where the additional materials may include documents and exhibits. Under Rule 8 of the Rules Governing Section 2254 Cases, "If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court

proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."  As previously noted, the text of § 2254 restricts when a court may hold an evidentiary hearing and accept additional evidence.  28 U.S.C. § 2254(e)(2); *see Fielder*, 2013 WL 593657, at *3 ("Section 2254(e)(2) limits a petitioner's ability to present new evidence through a Rule 7 motion to expand the record to the same extent that it limits the availability of an evidentiary hearing." (citing *Runningeagle v. Schriro*, No. CV-98-1903-PHX-PGR, 2007 WL 4200743, at *26 (D. Ariz. Nov. 27, 2007))); *see also Holland*, 542 U.S. at 653 ("[The conditions prescribed by § 2254(e)(2)] apply *a fortiori* when a prisoner seeks relief based on new evidence without an evidentiary hearing.").  "However, courts have held that § 2254(e)(2) does not similarly constrain the court's discretion to expand the record to establish cause and prejudice to excuse a petitioner's procedural defaults." *Fielder*, 2013 WL 593657, at *3 (citing *Cristin v. Brennan*, 281 F.3d 404, 416 (3d Cir. 2002)).  Thus, a court retains discretion to expand the record for purposes of determining whether to excuse a petitioner's procedural default, but § 2254(e)(2) dictates whether a court may expand the record for purposes of establishing the factual predicate of a ground for relief.  *See, e.g.*, *Buckman v. Hall*, No. CV 07-141-HU, 2009 WL 204403, at *1 (D. Or. Jan. 23, 2009).

Here, Petitioner seeks to introduce evidence that was not before the state courts for both purposes: (1) to establish his PCR counsel was ineffective and overcome the procedural bar to Ground One (2) and (2) to establish the factual predicate of his claim for

29

federal habeas relief—ineffective assistance of defense counsel.[14] [Doc. 21 at 15–25.] As to whether the additional evidence is admissible for the purpose of overcoming the procedural default of Ground One (2), as explained above, Petitioner has failed to even argue the first prong of the ineffective assistance analysis with respect to PCR counsel. [*See id.* at 15–21.] Therefore, the Court need not consider whether the additional evidence is admissible for the purpose of overcoming the procedural default by establishing Petitioner's PCR counsel was ineffective.

     As to whether the additional evidence is admissible for the purpose of supporting Petitioner's ground for federal habeas relief, Petitioner has failed to meet the requirements of § 2254(e)(2). Specifically, Petitioner has failed to demonstrate "the facts underlying [his] claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found [Petitioner] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). Instead, Petitioner has argued that the additional evidence shows he would have proceeded to trial rather than enter an *Alford* plea [Doc. 21 at 21–25], which does not establish by clear and convincing evidence that, if he had proceeded to trial, no reasonable factfinder would have found Petitioner guilty of the underlying offenses. Accordingly, the Court recommends Petitioner's motion to expand the record be denied and that Respondent's motion for summary judgment be granted on the basis of the state court record, as discussed above.

---

[14]As outlined above, Petitioner does not dispute that he failed to fully develop the factual basis of Ground One and, therefore, that § 2254(e)(2) appears to apply. [Doc. 21 at 19–21.] Petitioner contends his PCR counsel failed to fully develop the facts relevant to his claim, and under *Martinez*, either § 2254(e)(2) does not apply or its restrictions are overcome if Petitioner's PCR counsel was ineffective. [*Id.*]

## CONCLUSION

Wherefore, based upon the foregoing, the Court recommends Respondent's motion for summary judgment [Doc. 15] be GRANTED, Petitioner's motion to expand the record [Doc. 20] be DENIED, and the Petition be DENIED.

IT IS SO RECOMMENDED.


JACQUELYN D AUSTIN
United States Magistrate Judge

April 23, 2013
Greenville, South Carolina