UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/ GREENWOOD DIVISION

| | |
|---|---|
| Devon Ford, a/k/a Deven Ford or Devin Ford, )<br><br>Petitioner, )<br><br>)<br>v. )<br>)<br>Michael McCall, Warden, Lee )<br>Correctional Institution, )<br>)<br>Respondent. )<br>_____ ) | C/A No.: 8:12-cv-02266-GRA<br><br><br>**ORDER**<br>(Written Opinion) |

This matter comes before the Court for a review of United States Magistrate Judge Jacquelyn D. Austin's Report and Recommendation made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) for the District of South Carolina, and filed on April 23, 2013.  Pursuant to 28 U.S.C. § 2254, Petitioner Devon Ford ("Petitioner"), who is currently proceeding with the assistance of counsel, filed a Petition for Writ of Habeas Corpus.  ECF No. 1.  On November 8, 2012, Respondent Michael McCall ("Respondent") filed a Motion for Summary Judgment and a Return and Memorandum of Law in Support of Motion for Summary Judgment.  ECF Nos. 14 & 15.  Petitioner filed a Motion to Expand the Record and a Response in Opposition to Respondent's Motion for Summary Judgment on February 1, 2013.  ECF Nos. 20 & 21.  On February 11, 2013, Respondent filed a Reply to Petitioner's Response, and on February 19, 2013, Respondent filed a Response in Opposition to Petitioner's Motion to Expand the Record.  ECF Nos. 25 & 26.  Petitioner filed a Reply to Respondent's Response to

Petitioner's Motion to Expand the Record on March 1, 2013.  ECF No. 28.

Petitioner also filed timely objections to the Report and Recommendation.  ECF No.

30.  For the reasons set forth herein, this Court adopts the Report and

Recommendation to the extent that it is consistent with this Order.

## Background and Procedural History

The Magistrate Judge's Report and Recommendation sets forth in detail the

relevant facts and standards of law on this matter, and the Court incorporates and

summarizes them below in relevant part.  Petitioner is presently confined at the Lee

Correctional Institution of the South Carolina Department of Corrections ("SCDC").

He was indicted on August 25, 2005 for murder and assault and battery with

intent to kill ("ABWIK").  ECF No. 14-1, at 157–60.  Michael Bartosh ("Plea

Counsel"), a public defender, represented Petitioner on the charges.  ECF No. 14-1,

at 1.  On December 5, 2005, Petitioner pled guilty to the charges before the

Honorable Doyet A. Early, III.[1]  ECF No. 14-1, at 1.  After accepting Petitioner's

plea of guilty, Judge Early sentenced Petitioner to a term of thirty-seven (37) years

imprisonment for the murder charge and twenty (20) years imprisonment for the

ABWIK charge, and ordered that the sentences run concurrently.  ECF No. 14-1, at

25.

Petitioner filed a notice of appeal on December 9, 2005.  ECF No. 14-2.  On

appeal, Petitioner was represented by Robert Dudek ("Appellate Counsel"), whom

---

[1] Petitioner entered the plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 37–38 (1970).  ECF No. 14-1, at 5.  "An *Alford* plea is an arrangement in which a defendant maintains his innocence but pleads guilty for reasons of self-interest." *United States v. Taylor*, 659 F.3d 339, 347 (4th Cir. 2011) (citing *Alford*, 400 U.S. at 37).

filed a brief on Petitioner's behalf pursuant to *Anders v. California*, 386 U.S. 738 (1967) and a petition to be relieved as counsel.  ECF No. 14-3.  Petitioner also filed a *pro se* brief in support of his appeal.  ECF No. 14-6.  In an unpublished opinion, the South Carolina Court of Appeals dismissed the appeal and granted Appellate Counsel's petition to be relieved.  *State v. Ford*, 2007-UP-365 (S.C. Ct. App. Sept. 17, 2007); ECF No. 14-1, at 27−28.

On January 24, 2008, proceeding *pro se*, Petitioner filed a Post-Conviction Relief ("PCR") Application.  ECF No. 14-1, at 29.  David C. Alford ("PCR Counsel") was subsequently appointed to represent Petitioner, and on July 30, 2008, Petitioner filed an amended PCR Application.  ECF No. 14-8.  In the amended PCR Application, Petitioner alleged the following grounds for relief: (1) trial counsel was "ineffective for failing to object to the sentence that was handed down by the court that was contrary to legislative intent"; (2) trial counsel was "ineffective for failing to explain to Petitioner the consequences of his plea, thus violating the mandates of Boykin-v-Alabama"; (3) trial counsel was "ineffective for failing to object when the plea court failed to advise Petitioner of the full consequences of his plea"; and (4) Petitioner was "denied his Sixth Amendment right to counsel and his Fourteenth Amendment right to due process of law when counsel and the plea court failed to apprise Petitioner of the mandates of S.C. Code Ann. § 24-21-560(D), which results in **double sentencing** and thus rendering Petitioner's plea and sentence unconstitutional."  ECF No. 14-8, at 2, 7 (emphasis in original).  Petitioner filed a second amended PCR Application on August 22, 2008 which raised the

same grounds for relief as the first amended Application.  ECF No. 14-1, at 42, 45–57.

PCR Counsel represented Petitioner at a PCR hearing on September 18, 2008.  ECF No. 14-9, at 1.  On December 14, 2009, the PCR court denied Petitioner's PCR Application and dismissed the claims with prejudice.  ECF No. 14-9, at 9.  Petitioner filed a Motion to Alter or Amend Judgment pursuant to South Carolina Rules of Civil Procedure 59(e) and 52(b).  ECF No. 14-10.  Subsequently, the PCR Court denied Petitioner's PCR Application in an Amended Order of Dismissal with Prejudice.  ECF No. 14-1, at 132–40.  Relevant to the instant Petition, the PCR Court denied Petitioner's claim that Plea Counsel was ineffective for failing to properly investigate ballistic evidence, because Petitioner "failed to show prejudice . . . [because] he failed to demonstrate further ballistic evidence would have benefited his case."  ECF No. 14-1, at 138.

Petitioner also filed a notice of appeal. ECF No. 14-12.  Elizabeth A. Franklin-Best of the South Carolina Commission on Indigent Defense filed a Petition for Writ of Certiorari on Petitioner's behalf in the South Carolina Supreme Court on June 21, 2010.  ECF No. 14-13.  In the Petition for Writ of Certiorari, Petitioner raised one issue: "Did trial counsel render ineffective assistance of counsel when he did not secure the results of a ballistics test prior to petitioner's plea which would have revealed that the state's version of events was inaccurate?"  ECF No. 14-13, at 2.  On November 30, 2011, the South Carolina Supreme Court denied

the Petition for Writ of Certiorari and on December 19, 2011, issued the Remittitur.

ECF Nos. 14-15 & 14-16.

Petitioner filed the instant Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 on August 9, 2012. ECF No. 1. In the Petition, Petitioner asserts two grounds for relief, listed verbatim as follows:

**Ground One:** The Petitioner's right to the effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments, was violated when defense counsel failed [to] advise the Petitioner of the existence of an exculpatory ballistics test prior to the entry of the Petitioner's plea.

Supporting Facts: The Petitioner was charged with murder and ABWIK in connection with the shooting of Ikethia Davis and Jonathan Martin, respectively. The Petitioner informed the police and his attorneys that he did not shoot Davis and that Martin had shot her. The Petitioner also informed police where his gun was located so that they could test it against the bullet that was found in Davis. Martin stated that he did not fire any shots. SLED tested the Petitioner's firearm and discovered that the Petitioner's firearm did not match any of the bullets or shell casings found at [the] scene or that were recovered from Davis' body. This report was provided to the State on November 22, 2005, approximately two weeks prior to the Petitioner's plea. Defense counsel did not [advise] the Petitioner of the results of this test prior to the plea. The Petitioner obtained the report directly from SLED while his direct appeal was pending. Had the Petitioner known about the test results, the Petitioner would not have pleaded guilty. Defense counsel was ineffective for failing to advise the Petitioner of the test results.

**Ground Two:** The Petitioner's right to the due process of law, as guaranteed by the Fifth and Fourteenth Amendments, was violated by the State's failure to disclose the ballistics report prior to the Petitioner's guilty plea.

Supporting Facts: The Petitioner incorporates by reference the supporting facts presented in Ground One. The ballistics report was not found in defense counsel's file during the PCR hearing. The Seventh Circuit Solicitor's Office's file in this matter contains no

guarantee that the ballistics report was provided to defense counsel prior to the Petitioner's plea.  Inasmuch as the ballistics report is clearly exculpatory, the State's failure to disclose the ballistics report prior to trial violated the Petitioner's due process rights pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and rendered his plea involuntary.  The Petitioner's current counsel has been engaging in discussions with the assistant solicitor who prosecuted the Petitioner's charges to determine if he can definitively remember providing defense counsel with the report; the Petitioner will provide any subsequent information that he receives to this Court regarding this matter.

Pet. for Writ of Habeas Corpus, ECF No. 1 (internal citations omitted).  Respondent moved for summary judgment on November 8, 2012, and Petitioner filed a Response in Opposition on February 1, 2013.  ECF Nos. 15 & 21.  In the Response, Petitioner withdrew Ground Two, and stated that "[t]here are two variations" on the argument set forth in Ground One: "(1) that defense counsel was ineffective for failing to obtain the report prior to the plea; and (2) that defense counsel had the report and failed to advise Petitioner about its contents prior to the plea."  Pet'r's Resp. in Opp'n to Resp't's Mot. Summ. J. 3–5, ECF No. 21. On the same date, Petitioner also filed a Motion to Expand the Record.  ECF No. 20.

On April 23, 2013, the Magistrate Judge issued a Report and Recommendation and recommended that Respondent's Motion for Summary Judgment be granted and that Petitioner's Petition and Motion to Expand the Record be denied.  Report and Recommendation 31, ECF No. 29.  Petitioner filed timely objections to the Report and Recommendation.  ECF No. 30.

## Standard of Review

**A. The Magistrate Judge's Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

**B. Legal Standard for Summary Judgment**

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing that is sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990).

**C. Section 2254 Petitions**

Petitioner's Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  The AEDPA provides that a federal court cannot grant habeas relief to a person in state custody, unless the petitioner "has exhausted the remedies available in the courts of the State"; or "there is an absence of available State corrective process"; or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).

Under the AEDPA, a state court's decision must be sustained unless it was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  Furthermore, "a determination of a factual issue made by a State Court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

The Supreme Court has held that the "contrary to" and "unreasonable application" clauses contained in 28 U.S.C. § 2254(d) have independent meaning. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).  Moreover, a state court's decision may be "contrary to," Supreme Court precedent in two ways: (1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law"; or (2) "if the state court confronts facts that are materially

indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court's]." *Id.* at 405.

The "unreasonable application" clause is implicated when a "state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "The federal habeas scheme leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is objectively unreasonable." *Woodford v. Visciotti*, 537 U.S. 19, 27 (2002) (per curiam). The federal habeas court should not grant relief to a petitioner "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. ___, ___ 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Relief cannot be granted if the state court's decision is only incorrect or erroneous; rather, the state court's application of Supreme Court precedent must be "objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003) (internal quotation marks omitted).

## Discussion

Petitioner has withdrawn Ground Two of his Petition, but has advanced two different theories for relief under Ground One. In the Report and Recommendation, the Magistrate Judge construes these arguments as asserting separate grounds for relief: "'(1) that defense counsel was ineffective for failing to obtain the [ballistics] report prior to the plea; and (2) that defense counsel had the report and failed to

advise the Petitioner about its contents prior to the plea.'" Report & Recommendation 16, ECF No. 29 (quoting Pet'r's Resp. in Opp'n to Mot. Summ. J. 4–5, ECF No. 21). The Magistrate Judge refers to Petitioner's grounds for relief as Ground One (1) and Ground One (2) respectively. Report & Recommendation 16, ECF No. 29. The Court will also refer to Petitioner's arguments as Ground One (1) and Ground (2).

**I. Ground One (1) of Petitioner's Petition**

In Ground One (1) of his Petition, Petitioner contends that Plea Counsel was ineffective for failing to obtain a ballistics report prior to Petitioner's guilty plea. PCR Counsel raised the failure to investigate claim at the PCR hearing, and the PCR Court addressed this argument in its Amended Order of Dismissal. ECF No. 14-1, at 138–39. The Magistrate Judge concluded that Respondent's Motion for Summary Judgment as to Ground One (1) should be granted, because the PCR Court's denial of this claim did not involve an unreasonable determination of facts in light of the evidence, nor was it contrary to, or did it involve an unreasonable application of, clearly established federal law. Report & Recommendation 21, ECF No. 29. The Magistrate Judge further found that the record supports the PCR Court's decision. *Id.* Petitioner raises several objections to the Magistrate Judge's conclusions.

**A. Objection One: The Magistrate Judge erred by failing to address the deficient conduct prong of the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).**

Petitioner argues that because the Report and Recommendation did not examine the deficient conduct prong of *Strickland v. Washington*, 466 U.S. 668 (1984), the Court should "address the deficient conduct prong *de novo*." Pet'r's Objection 3–4, ECF No. 30. Furthermore, Petitioner argues that the Court should determine whether Plea Counsel's performance was deficient, without giving any deference to the state court, because the PCR Court also failed to address this issue. *Id.* Petitioner's objection is without merit. In *Strickland v. Washington*, the Supreme Court concluded that:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

*Id.* at 697; *see also Richardson v. Branker*, 668 F.3d 128, 141 (4th Cir. 2012) (quoting *Strickland*, 466 U.S. at 697) ("[A] reviewing court is not required to address the issue whether 'counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.'"). Therefore, it was not improper for the Magistrate Judge or the PCR Court to make a determination that Plea Counsel's performance did not prejudice Petitioner without making a determination about the deficiency, or lack thereof, of his conduct.

**B. Objection Two: The Magistrate Judge erred by misapplying the prejudice prong of the test articulated in *Strickland*.**

In the Report and Recommendation, the Magistrate Judge concluded that the record supports the PCR Court's decision to deny Petitioner's claim that Plea Counsel was ineffective for failing to obtain the ballistics report.   Report & Recommendation 21–22, ECF No. 29.   Relying on *Hill v. Lockhart*, 474 U.S. 52, 59–60 (1985), Petitioner argues that the Magistrate Judge based her conclusion solely on the PCR Court's finding that Petitioner is not credible; thus, she erred because she engaged in a subjective rather than an objective inquiry into whether Petitioner would have proceeded to trial if Plea Counsel had investigated the ballistics evidence.  Pet'r's Objection 4–5, ECF No. 30.

The Court finds that this objection is without merit.  The Magistrate Judge stated several reasons in support of her conclusion that the record supports the PCR Court's decision, not just the fact that the PCR Court found Petitioner to not be credible.[2]  Report and Recommendation 21–22, ECF No. 29.

**C. Objection Three: The Magistrate Judge erred in concluding that the PCR Court's decision was entitled to deference under 28 U.S.C. § 2254(d)(1).**

---

[2] The Magistrate Judge concluded that the following supports the decision of the PCR Court: (1) "Petitioner indicated several times that he believed the State could prove his guilt beyond a reasonable doubt"; (2) "in summarizing the facts of the case, the prosecution never mentioned that ballistics evidence would be an issue in the case; the prosecution stated that everyone at the scene of the crime aside from Petitioner had identified Petitioner as the shooter"; (3) "[Plea Counsel] indicated Petitioner could not overcome the dying declaration of the murder victim that Petitioner was the shooter"; (4) "*Finally*, although Petitioner testified at the PCR hearing that he would have proceeded to trial if [Plea Counsel] had advised him of the ballistics report, the PCR Court determined Petitioner was not credible."  Report & Recommendation 21–22, ECF No. 29 (emphasis added) (citations omitted).

Petitioner objects to the Magistrate Judge's conclusion that the PCR Court's application of the *Strickland* and *Hill* standards to his ineffective-assistance-of-counsel claim was reasonable. Pet'r's Objection 5, ECF No. 30. Petitioner argues that the PCR Court "looked solely to the benefit of the evidence" and "did not evaluate *Hill*'s determination of 'the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea.'" *Id.*

As stated, this Court may not grant federal habeas relief to Petitioner unless the PCR Court's adjudication of the claim "'was contrary to' federal law then clearly established in the holdings of [the Supreme Court], § 2254(d)(1); or that it 'involved an unreasonable application of' such law, § 2254(d)(1); or that it 'was based on an unreasonable determination of the facts' in light of the record before the [PCR] court, § 2254(d)(2)." *Harrington v. Richter*, 562 U.S. ___, ___,131 S. Ct. 770, 785 (2011). Furthermore, Petitioner "can satisfy the 'unreasonable application' prong of § 2254(d)(1) only by showing that 'there was no reasonable basis' for the [PCR Court's] decision." *Cullen v. Pinholster*, ___ U.S. ___, ___, 131 S. Ct. 1388, 1402 (2011) (quoting *Richter*, 562 U.S. at ___, 131 S. Ct. at 784). "'[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Richter*, 562 U.S. at ___, 131 S. Ct. at 785 (emphasis in original) (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)). Moreover, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 786.

The Supreme Court has established that in the context of an ineffective assistance of counsel claim, "the rule set forth in *Strickland* qualifies as clearly established Federal law, as determined by the Supreme Court of the United States." *Williams v. Taylor*, 529 U.S. 362, 391 (2000) (internal quotation marks omitted). In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that to prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance fell below an objective standard of reasonableness; and (2) that, but for his counsel's deficiencies, the result of the proceeding would have been different. With respect to reasonableness, the court must determine the reasonableness of the challenged conduct on the facts of the particular case at the time of the attorney's conduct. *Id.* at 690. The attorney's conduct must be "'within the range of competence demanded of attorneys in criminal cases.'" *Id.* at 687 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* at 689 (directing that "[j]udicial scrutiny of counsel's performance must be highly deferential"). To establish prejudice in the context of a guilty plea, the habeas petitioner must show "'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Burket v. Angelone*, 208 F.3d 172, 189 (4th Cir. 2000) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

The PCR Court held an evidentiary hearing on Petitioner's ineffective assistance of counsel claims. *See* ECF No. 14-1 at 69–130. After the hearing, the PCR Court issued an Amended Order of Dismissal with Prejudice. ECF No. 14-1, at 132–40. The PCR Court properly identified that the clearly established Federal law as determined by the Supreme Court are the standards set forth in *Strickland v. Washington,* 466 U.S. 668 (1984) and *Hill v. Lockhart*, 474 U.S. 52 (1985). ECF No. 14-1, at 136. The PCR Court held that Petitioner failed to show that he was prejudiced by Plea Counsel's conduct because he "failed to demonstrate further ballistic evidence would have benefitted his case." ECF No. 14-1, at 138.

In *Hill v. Lockhart*, the Supreme Court concluded that: "where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that the discovery of the evidence would have led counsel to change his recommendation as to the plea." *Hill*, 474 U.S. at 59 (1985). However, the Supreme Court also concluded that "[t]his assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. . . . As we explained in *Strickland v. Washington, supra*, these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncrasies of the particular decisionmaker.'" *Id.* at 59–60 (quoting *Strickland*, 466 U.S. at 695).

Here, the Court agrees with the Magistrate Judge that Petitioner has not demonstrated that the PCR Court's adjudication of this issue resulted in a decision contrary to, or involving an unreasonable application of clearly established federal law, or resulted in a decision based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d); *see also Premo v. Moore*, ___ U.S. ___, 131 S. Ct. 733, 743 (2011) ("Deference to the state court's prejudice determination is all the more significant in light of the uncertainty inherent in plea negotiations . . . .").

The Court also concludes that the record supports the PCR Court's decision. Petitioner was indicted on charges of murder and ABWIK. ECF No. 14-1, at 3. On the murder charge, Petitioner was facing a minimum sentence of thirty years imprisonment and a maximum sentence of life imprisonment. *Id.* On the ABWIK charge, Petitioner was facing a sentence of up to twenty years. *Id.* In exchange for Petitioner's plea of guilty, the State agreed to recommend that Petitioner's sentences run concurrently rather than consecutively. *Id.* Furthermore, as the Magistrate Judge articulated in the Report and Recommendation, at the guilty plea hearing the State did not indicate that ballistics evidence would be used at trial. ECF No. 14-1, at 17–19. The crux of the State's case was a dying declaration identifying the shooter as Petitioner, not ballistics evidence:

> The police quickly developed Devon Ford as a suspect . . . . [The murder victim] gave a dying declaration of who the shooter was. [The ABWIK victim] identified the shooter for the police. The testimony at trial would [have] also come from Ken Lilly, the driver of the Suburban, that Devon Ford was the shooter in this case.

ECF No. 14-1, at 18.  Plea Counsel also stated at the guilty plea hearing that he believed that based on the dying declaration, "there's a, an excellent chance [Petitioner] would be convicted." ECF No. 14-1, at 20.  In addition, Petitioner and Plea Counsel affirmed at various times that they believed that the State could prove Petitioner's guilt beyond a reasonable doubt based on what was presented by the prosecution at the plea hearing.  ECF No. 14-1, at 5, 8, 16 & 23.  Finally, at the PCR hearing, Petitioner testified that the firearm analyzed in the ballistics report was recovered by law enforcement only after he told police to retrieve the firearm and that it was the gun that he used in the shooting.  This statement was given to law enforcement two days after he was arrested.  ECF No. 14-1, at 120–22.  The firearm was not discovered on Petitioner or recovered from the crime scene.  ECF No. 14-1, at 119–23.  Accordingly, summary judgment for Respondent as to Ground One (1) is appropriate.

**D. Objection Four: The Magistrate Judge erred by failing to evaluate the relevancy of the ballistics report.**

The Petitioner also objects to the Magistrate Judge's failure to "address[] the value of the ballistics report or how it may have changed the Petitioner's calculus in assessing the plea versus taking the case to trial." Pet'r's Objection 6, ECF No. 30.  Petitioner's objection is without merit.  As stated, a federal habeas court must determine whether the state court's adjudication of the habeas claim was contrary to, or an unreasonable application of, clearly established federal law, or whether the decision of the state court was based on an "unreasonable determination of the

facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The Petitioner is entitled to a *de novo* consideration of his underlying constitutional claim for relief only after the federal habeas court determines that the state court's adjudication of the claim was unreasonable. *Pope v. Crews*, ___ F. Supp. 2d ___, No. 91-06717-CIV, 2013 WL 1289257 (S.D. Fla. March 26, 2013) (emphasis added) ("Pursuant to the AEDPA, courts confronted with a section 2254 petition raising claims that have been adjudicated on the merits by the state court must answer two questions prior to providing habeas relief: (1) whether the state court's adjudication of the claim was unreasonable under section 2254(d); and (2) *if so*, whether the petitioner is being held in custody in violation of the Constitution or laws and treaties of the United States."). The Court has determined that the PCR Court's adjudication of Petitioner's ineffective-assistance-of-counsel claim was reasonable; therefore, the PCR Court's decision is entitled to deference under § 2254(d).

### E. Objection Five: The Magistrate Judge erred in overvaluing the dying declaration and failing to examine the dying declaration in light of the exculpatory ballistics test.

Petitioner alleges that he "is clearly entitled to relief" and that there is "overwhelming evidence of innocence." Pet'r's Objection 6–7, ECF No. 30. "Petitioner, therefore, objects to the Report's overvaluation of the dying declaration, and its failure to examine the dying declaration in light of the exculpatory ballistics test." *Id.* at 7. Petitioner again asks this Court to review his ineffective-assistance-of-counsel claim *de novo*. For the reasons stated above, the

Court concludes that the PCR Court's adjudication of Petitioner's claim was not contrary to, or an unreasonable application of, clearly established federal law. Nor was it based on an unreasonable determination of the facts in light of the evidence presented at the PCR hearing. Accordingly, the Court concludes that Petitioner's objection is without merit.

## II. Ground One (2) of Petitioner's Petition

In Ground One (2) of Petitioner's Petition, Petitioner contends that Plea Counsel was ineffective for failing to disclose a ballistics report prior to the guilty plea hearing. Pet'r's Resp. in Opp'n to Mot. Summ. J. 4–5, ECF No. 21. PCR Counsel did not raise this issue before the PCR Court; therefore, Respondent argues that the claim is procedurally defaulted and cannot be considered by this Court. Resp't's Reply to Resp. in Opp'n to Mot. Summ. J. 1–3, ECF No. 25. Petitioner contends that the Court may consider it under the Supreme Court's holding in *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012). Pet'r's Resp. in Opp'n to Mot. Summ. J. 17–19, ECF No. 21.

The Magistrate Judge concluded that this Court cannot excuse the procedural default and consider Petitioner's claim, because he did not demonstrate that his PCR Counsel's representation fell below an objective standard of reasonableness. Report & Recommendation 25, ECF No. 29. Petitioner objects to the Magistrate Judge's "conclusion that Petitioner did not argue that collateral counsel's performance was deficient pursuant to *Strickland*." Pet'r's Objection to Report & Recommendation 8, ECF No. 30.

In *Martinez v. Ryan*, ___ U.S. ___, ___ 132 S. Ct. 1309, 1313 (2012), the United States Supreme Court considered "whether a federal habeas court may excuse a procedural default of an ineffective-assistance claim when the claim was not properly presented in the state court due to an attorney's errors in an initial-review collateral proceeding." Prior to *Martinez*, the Supreme Court set forth a general rule that defendants do not have a constitutional right to counsel in collateral proceedings; thus, the ineffective assistance of counsel in such proceedings does not establish cause for a prisoner's procedural default of an ineffective-assistance-of-trial-counsel claim. *Coleman v. Thompson*, 501 U.S. 722 (1991). In *Martinez*, the Supreme Court created a "narrow exception" to its statement in *Coleman*: "Inadequate assistance of counsel at initial-review collateral proceedings *may* establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, ___ U.S. at ___, 132 S. Ct. at 1315 (emphasis added). The exception to *Coleman* "allow[s] a federal habeas court to find 'cause,' thereby excusing a defendant's procedural default, where:

> (1) the claim of 'ineffective assistance of trial counsel' was a 'substantial' claim; (2) the 'cause' consisted of there being 'no counsel' or only 'ineffective' counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the 'initial' review proceeding in respect to the 'ineffective-assistance-of-trial-counsel claim'; and (4) state law *requires* that an 'ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding.'

*Trevino v. Thaler*, ___ U.S. ___, ___, 133 S. Ct. 1911, 1918 (2013) (quoting *Martinez*, ___ U.S. at ___, 132 S. Ct. at 1318−19, 1320−21). With regard to the

requirement that the ineffective-assistance-of-trial-counsel claim be a "substantial" one, "the prisoner must demonstrate that the claim has some merit." *Martinez*, ___ U.S. at ___, 132 S. Ct. at 1318 (citation omitted).

Finally, if Petitioner establishes "cause" for the procedural default, he must also establish prejudice. *Martinez*, ___ U.S. at ___, 132 S. Ct. at 1316 ("A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law.").

To establish that PCR Counsel provided ineffective assistance of counsel, Petitioner must show that: (1) his counsel's performance "fell below an objective standard of reasonableness"; and (2) he was prejudiced by his counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To establish prejudice, Petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Thus, "the Court must conclude that the ineffective-assistance-of-trial-counsel claim would have won Petitioner a new trial at the state court level." *Martinez v. Schriro*, No. CV 08-785-PHX-JAT, 2012 WL 5936566, at *2 (D. Ariz. Nov. 27, 2012); s*ee also Preyor v. Stephens*, ___ F. App'x ___, No. 12-70024, 2013 WL 3830160, at *8 (July 25, 2013 5th Cir.) ("To establish ineffective assistance of his initial state habeas counsel, [Petitioner] must show both that habeas counsel's performance . . . was deficient and that he was prejudiced by the deficient

performance—that is, there is a reasonable probability that he would have been granted state habeas relief had the claims been presented in the first state habeas application."); *Foley v. White*, No. 6:00-CV-552-DCR-REW, 2012 WL 6965070, at *9 (E.D. Ky. Nov. 15, 2012) (quoting *Leavitt v. Arave*, No. 1:93-cv-0024-BLW, 2012 WL 1995091, at *10 (D. Idaho June 1, 2012)) ("In the context of *Martinez*, a demonstration of prejudice would require [Petitioner] to show that, but for post-conviction counsel's errors, there is a reasonable probability he 'would have received relief on a claim of ineffective assistance of trial counsel in state court.'"), *adopted by* 2013 WL 375185 (E.D. Ky. Jan. 30, 2013); *Horonzy v. Smith*, No. 1:11-cv-00235-EJL, 2013 WL 3776372, at *6 (D. Idaho Sept. 12, 2012) ("The application of the *Strickland* test in this instance means that Petitioner is required to show that counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter. This standard is a high one.").

Petitioner contends that PCR Counsel's conduct was deficient because he failed to investigate whether or not Plea Counsel obtained a copy of the ballistics report prior to Petitioner's guilty plea hearing and because, at the PCR hearing, he failed to "adequately support the Petitioner's allegations that he would have proceeded to trial . . . ." Pet'r's Objection 10, ECF No. 30. Petitioner further asserts that he was prejudiced by PCR Counsel's conduct. Pet'r's Resp. in Opp'n

to Mot. Summ. J. 21–25, ECF No. 21.  Petitioner also filed a Motion to Expand the

Record and seeks to introduce evidence that was not before the state court in

order to establish that PCR Counsel was ineffective and to support his claim for

federal habeas relief.  Petitioner requests that this Court consider: (1) an affidavit

from Robert Coler, the solicitor that prosecuted Petitioner's case; (2) two

statements that were given by Petitioner to law enforcement; and (3) the ABWIK

victim's statement to law enforcement.  Pet'r's Mot. Expand Record 2, ECF No.

20.

Coler's affidavit specifically relates to PCR Counsel's ineffectiveness; thus,

the Court will consider it for the purpose of evaluating cause and prejudice for the

default of Ground One (2).[3]  The Court discusses the admissibility of Petitioner's

statements and the ABWIK victim's statement below.

---

[3] Under Rule 7 of the Rules Governing Section 2254 Cases, a federal habeas court may expand the record to include additional, relevant material that was not presented to the State court.  However, the ability of the court to examine additional evidence is constrained by 28 U.S.C. § 2254(e)(2) which provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that the claim relies on (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2); *see Fielder v. Stevenson*, C/A No. 2:12-cv-00412-JMC, 2013 WL 593657, at *3 (D.S.C. Feb. 14, 2013) (citing *Runningeagle v. Schriro*, No. CV-98-1903-PHX-PGR, 2007 WL 4200743 (D. Ariz. Nov. 27, 2007)) ("Section 2254(e)(2) limits a petitioner's ability to present new evidence through a Rule 7 motion to expand the record to the same extent that it limits the availability of an evidentiary hearing.").  Conversely, § 2254(e)(2) does not apply to the court's ability to expand the record in order to determine whether cause and prejudice exists in order to excuse the procedural default of a claim for habeas relief.  *Fielder*, 2013 WL 593657 at *3.  In *Martinez v. Ryan*, ___ U.S. ___, ___, 132 S. Ct. 1309, 1315 (2012) the Supreme Court held that the ineffective assistance of collateral counsel may establish cause for a petitioner's procedural default of an ineffective-assistance-of-counsel claim.  Thus, "the usual bars to hearing evidence not

In the affidavit, Coler states that he "is of the opinion that defense counsel was made aware of the existence of the SLED ballistics report" although he has "no independent recollection of providing defense counsel . . . with a copy of the SLED ballistics report prior to the Petitioner's guilty plea" and "there is no documentation in the Solicitor's Office's file that shows that anyone with the Solicitor's Office provided defense counsel with the ballistics report prior to the Petitioner's guilty plea."  Coler Aff. Par. 6, ECF No. 20-1.[4]

At the PCR hearing, PCR Counsel argued that Plea Counsel was ineffective for failing to investigate ballistics evidence prior to the guilty plea hearing.  ECF No. 14-1, at 126.  Clay Allen, an attorney from Plea Counsel's office, testified that Plea Counsel "was well known to keep a lot of things in his head" and that the file contained an order authorizing expenditure for a crime scene expert.  ECF No. 14-1, at 113–14.  Allen also stated that "it is possible there are some other documents not in the file."  *Id.* at 114.  Allen further testified that the prosecutor's office forwarded him an evidence receipt that indicated that Plea Counsel had received a copy of the State's evidence prior to the plea and that it may have contained the ballistics report.  ECF No. 14-1, at 115.  The PCR Court asked Allen

---

presented in state court may not be applicable insofar as the claims relate *specifically* to the PCR attorney's ineffectiveness."  *Id.* at *4 (emphasis added).

[4] Coler states that he concludes that he provided Plea Counsel with a copy of the ballistics report because his "handwritten opening statement notes maintained in the file since December 5, 2005" referred to the fact that the firearm Petitioner turned over to law enforcement did not match the projectile or shell casings located at the crime scene.  Coler further states in the affidavit that Petitioner produced the firearm subsequent to his arrest and after he "initially claimed he threw his gun in a pond," and that the State's theory was to be that the firearm produced by Petitioner was not the same firearm that was used by him in the shooting.  Coler concludes that it was clearly his intent to deal with the ballistics report during trial; therefore, he must have disclosed it to Plea Counsel prior to the guilty plea hearing.  Coler Aff. Par. 6, ECF No. 20-1.

whether Plea Counsel's file indicated that the firearm analyzed in the ballistics report was recovered from Petitioner. ECF No. 14-1, at 118. Allen responded that he was "not aware that it was actually recovered" from Petitioner to which the PCR Court responded "[j]ust my curiosity." *Id.* After Allen's testimony, the PCR Court stated that it wanted to "clear up the source" of the firearm tested in the ballistics report. ECF No. 14-1, at 119. Subsequently, Petitioner testified that he told police two days after he was arrested that he had "stashed" his firearm at "Flint Rhem's house."[5] ECF No. 14-1, at 121. Allen also testified that the firearm was obtained from Rhem's house after Petitioner told police during an interview to retrieve the gun from the house. ECF No. 14-1, at 122–23.

In response to Petitioner's ineffective-assistance-of-counsel claim, the State argued that it was Plea Counsel's "general reputation not to keep everything contained in the file, . . . so the file is not necessarily reflective [of] all the information he had available to him." The State also argued that Petitioner was not prejudiced by Plea Counsel's conduct, because several witnesses were prepared to identify him as the shooter, and the "State had an extremely strong case against him." ECF No. 14-1, at 127–29.

The PCR Court dismissed Petitioner's ineffective-assistance-of-counsel claim because "he failed to demonstrate further ballistic evidence would have benefited his case." ECF No. 14-1, at 138. Thus, this Court concludes that PCR Counsel's

---

[5] In the PCR hearing transcript, the name is spelled "Flint Rim"; however, Petitioner states that the correct spelling of the name is "Flint Rhem." Pet'r's Resp. in Opp'n to Mot. Summ. J. 5 n.2, ECF No. 21.

conduct did not prejudice Petitioner. The PCR Court was concerned about the source of the firearm, not whether Plea Counsel had failed to apprise Petitioner of the contents of the ballistics report prior to the guilty plea hearing, due to Plea Counsel's failure to either investigate the report or to disclose it. Even if PCR Counsel had set forth a failure-to-disclose argument instead of a failure-to-investigate argument, there is not a reasonable probability that the outcome of the proceeding would have been different. *See Harrington v. Richter*, 562 U.S. ___, ___, 131 S. Ct. 770, 787 (2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 693–94 (1984)) ("With respect to prejudice, a challenger must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'") Therefore, Petitioner has not established that, under *Martinez*, the procedural default of Ground One (2) should be excused. The Court concludes that summary judgment for Respondent as to Ground One (2) is appropriate.

### III.    Motion to Expand the Record

As stated above, Petitioner has moved the Court to expand the record in this case pursuant to Rules 7 and 8 of the Rules Governing Section 2254 Cases. Mot. to Expand Record 1, ECF No. 20. "Petitioner seeks to introduce evidence that was not before the state courts for [two] purposes: (1) to establish his PCR counsel was ineffective and overcome the procedural bar to Ground One (2) and (2) to establish

the factual predicate of his claim for federal habeas relief—ineffective assistance of defense counsel." Report & Recommendation 29–30, ECF No. 29. Above, the Court considered Robert Coler's affidavit in order to evaluate Petitioner's claim that PCR Counsel provided ineffective assistance. The Magistrate Judge recommends that this Court deny Petitioner's Motion to Expand the Record for the purpose of supporting his claim for federal habeas relief, because he "has failed to meet the requirements of § 2254(e)(2)." *Id.* Petitioner argues that 28 U.S.C. § 2254(e)(2) does not bar consideration of the additional evidence, because § 2254(e)(2) is subject to "equitable modification in light of *Martinez*." Pet'r's Objection 11, ECF No. 30.

The statements given to law enforcement by Petitioner and the ABWIK victim are intended to support his claim for federal habeas relief. Petitioner argues that "the additional evidence submitted to this Court is relevant to the prejudice analysis because the evidence sheds significant light on the defense that would have been presented at trial." Pet'r's Res. in Opp. Resp't's Mot. Summ. J. 23, ECF No. 21. Relying on *Martinez*, Petitioner contends that because PCR Counsel was ineffective for failing to introduce this evidence at the PCR hearing, 28 U.S.C. § 2254(e)(2) does not apply. *Id.* at 21; Pet'r's Objection 11–12, ECF No. 30.

Under Section 2254(e)(2), a petitioner may present new evidence in a federal habeas court only if the claim relies on: "(1) a new rule of constitutional law, made retroactive to cases on collateral review . . . that was previously unavailable; or (2) a factual predicate that could not have been previously discovered through the

exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A). Furthermore, Petitioner must demonstrate that "the facts underlying [his] claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found [Petitioner] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B).

"*Martinez* does not directly provide the authority for a petitioner to expand the record in order to further develop facts that could have been presented in the state court proceeding." *Fielder*, 2013 WL 593657, at *4 (citing *Foster v. Oregon*, 2012 WL 3763543 (D. Or. Aug. 29, 2012); *Halvorsen v. Parker*, 2012 WL 5866595 (E.D. Ky. Nov. 19, 2012); *Williams v. Mitchell*, 2012 WL 4505181 (N.D. Ohio Sept. 28, 2012)). Thus, the Court agrees with the Magistrate Judge that Section 2254(e)(2) applies, and that Petitioner has failed to meet the requirements of Section 2254(e)(2). Accordingly, the evidence is not admissible for the purpose of supporting his claim for federal habeas relief. Report & Recommendation 30, ECF No. 29. Petitioner has failed to demonstrate, by clear and convincing evidence, that no reasonable factfinder would have found Petitioner guilty of the underlying offense if he had proceeded to trial. Rather, he seeks to have the evidence admitted for the purpose of supporting his contention that if he had known about the ballistics report prior to the guilty plea hearing, he would not have entered a plea of guilty and would have insisted on going to trial. *See* Pet'r's Resp. in Opp'n to Mot. Summ J. 23, ECF No. 21 ("All of this evidence demonstrates that the Petitioner intended, from the very beginning of his case, to show at trial that he

did not kill the victim."). Therefore, Petitioner's Motion to Expand the Record for the purpose of supporting his claim for federal habeas relief is DENIED; however the Court GRANTS the Motion as to the affidavit of Robert Coler (ECF No. 20-1) for the limited purpose of evaluating cause and prejudice for the procedural default of Ground One (2).

### Conclusion

The Court has reviewed the Magistrate Judge's Report and Recommendation, Petitioner's objections, and the record, and has conducted a *de novo* review of the issues raised in this case. The Court concludes that the Magistrate Judge correctly determined that Petitioner has no claim for relief under 28 U.S.C. §2254. Based on the foregoing, the Court adopts the Report and Recommendation to the extent that it is consistent with this Order.

**IT IS THEREFORE ORDERED** that the Report and Recommendation is ADOPTED to the extent that it is consistent with this Order, Petitioner's Petition is DISMISSED with prejudice, and Respondent's Motion for Summary Judgment is GRANTED. The Court declines to issue a certificate of appealability in this matter.[6]

**IT IS FURTHER ORDERED** that Petitioner's Motion to Expand the Record is DENIED as to ECF Nos. 1-4 through 1-8 and GRANTED as to ECF No. 20-1.

---

[6] When a district court issues a final ruling on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255. The Court has reviewed its order and, pursuant to Rule 11(a), declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, to satisfy § 2253(c), "a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").

**IT IS SO ORDERED**.

G. Ross Anderson, Jr.
Senior United States District Judge

August  14, 2013
Anderson, South Carolina